**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR491 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| MICHAEL FORLANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Michael Forlani has moved for immediate pre-sentencing discovery. (Doc. No. 117.) The government has filed a response (Doc. No. 118), and defendant Forlani has filed a reply. (Doc. No. 120.) Defendant Forlani is scheduled to be sentenced on December 6, 2012. For good cause shown, the motion is granted, in part, as set forth below.

Forlani is seeking immediate disclosure of "all information the government relied upon in computing its purported loss amount in its Sentencing Memorandum and all other information, including witness statements, that the government intends to rely upon at sentencing, including any evidence the government will rely upon to connect Forlani to any of the alleged loss amounts." (Doc. No. 117 at 3893.) Noting that many of the government's calculations referenced in its Sentencing Memorandum are taken to the cent, Forlani posits that the government must be aware of the evidence upon which it relied to arrive at these figures, and further suggests that the only reason to deny him this evidence is to obtain an unfair advantage at sentencing.

According to the government, it does not intend to produce any witness statements at this time, and is still in the process of determining what evidence it will offer at sentencing. The government explains that its task is hindered by the fact that one member of the trial team will not be available for much of the time between now and the date of sentencing. Nonetheless, the government represents that it intends to honor its discovery obligations, including its duty to provide *Jencks* material, and will endeavor to provide such evidence in advance of sentencing.

While a criminal defendant is not entitled to greater mandatory discovery at sentencing than he is entitled to at trial, *see United States v. Barrett*, 890 F.2d 855, 865 (6th Cir. 1989), *superseded on other grounds*, *United States v. Williams*, 940 F.2d 176, 181 n.3 (6th Cir. 1991), "[p]ursuant to the requirements of due process, a defendant who has pled guilty has a due process right to a fair sentencing procedure." *Id*. Included within this constitutional guarantee is the right "not to be sentenced on the basis of invalid information and, therefore, [a defendant] must be given an opportunity to rebut any challenged information." *Id.* (internal citations and quotations omitted).

On October 26, 2012, the government filed its 36-page Sentencing Memorandum. (Doc. No. 113, filed under seal.) While the document identifies numerous bribes (and bribe amounts) upon which it intends to rely at sentencing, it fails to provide any meaningful basis for its calculation of the bribe amounts.[1] This lack of detail leaves defendant Forlani wholly unable to test the validity of these figures, or "rebut [the] challenged information." For example, with respect to things of value provided to John

---

[1] In emails exchanged between the government and defense counsel, the government has further broken down some of its calculations. It has not, however, identified the basis for any of the loss calculations.

2

Carroll, the government simply references $6,140.02 for "golf outings and sporting event/concert tickets." (Doc. No. 113 at 3809.) Other examples involve calculations for such vague categories of expenses as "home improvements," "meals" and "campaign contributions." The government further explains that these calculations are "based on intercepted telephone calls, statements of witnesses, calculations made by agents and by supporting document and exhibits." (Doc. No. 118 at 3917.) Often absent from the Sentencing Memorandum, however, is any detail that would give meaning to these calculations, including the dates of any improvements or sporting events, the nature of any free or discounted work performed at any residence, or who provided the work or services at issue. In addition, the government fails to explain—in anything but the most general of terms—how it will establish these figures at sentencing.[2]

        The Court finds that the government has failed to provide sufficient detail to permit the defendant to challenge the government's loss calculations. The lack of foundation and support for these figures also makes it impossible for the U.S. Pre-Trial and Probation officer to prepare a meaningful presentence report for the Court and, in turn, prevents the Court from any meaningful understanding of the government's loss calculations in preparation for the sentencing hearing. Should the Court permit sentencing to go forward upon the current record, it is likely that the proceedings would need to be

---

[2] In a footnote to the Sentencing Memorandum, the government indicates that it is in the process of compiling the documents that support each monetary amount identified in the Sentencing Memorandum, and that it intends to provide these documents to the defendant "prior to sentencing." (Doc. No. 113 at 3803 n.2.) In its response to the defendant's discovery motion, however, the government has represented that it will not make any final decisions regarding the evidence it will provide at the sentencing hearing until days before the sentencing. (Doc. No. 118 at 3915-16.)

continued to permit the defendant and the Court sufficient time to review the government's evidence.

The Court, therefore, shall order the government to provide to the defendant and the Court more specific and meaningful details relating to its loss calculations by November 26, 2012. Specifically, the government shall identify the specific basis for each monetary amount set forth in its Sentencing Memorandum. While the government is not required to point to every piece of evidence upon which it will rely to establish its loss figure, it must, nonetheless, provide enough meaningful information to permit the defendant (and the Court) to understand and evaluate the claimed amount. In essence, the Court is requiring the government to "show its work" with respect to its loss computations. Additionally, while the Court will not require the government to provide witness statements at this time, or other *Jencks* material, it encourages the government to provide such evidence as soon as possible to avoid unnecessary delays at sentencing.

**IT IS SO ORDERED**.

Dated: November 19, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**