**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:11CR491 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| MICHAEL FORLANI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Michael Forlani has moved to preclude the government from submitting evidence or offering argument at sentencing as to certain loss calculations. (Doc. No. 140.) The government opposes the motion. (Doc. No. 142.) For the reasons that follow, the motion is denied.

On August 30, 2012, the parties entered into a plea agreement. (Doc. No. 106). As part of the agreement, the parties stipulated that the value of the loss resulting from Forlani's illegal conduct was between $120,000 and $399,999—leaving to the government the burden of proving the precise amount of the loss within that range. (*Id*. at 3717.) Following the entry of the agreement, the Court scheduled the sentencing of defendant Forlani for December 6, 2012.

On October 26, 2012, the government filed its sentencing memorandum, which included a general breakdown of the loss amounts it intended to establish at sentencing. (Doc. No. 113.) These loss amounts were reported in the initial Presentence Investigation Report ("PSR") as the government's loss calculations, along with the

observation that these figures appear "to be [the government's] argument regarding loss, although they have agreed in the binding Plea Agreement the loss amount is not more than $399,999." (Doc. No. 116 at 3873.) Recognizing "both parties will argue the loss amount in this case" at sentencing, the PSR did not provide a definitive estimation of loss. (*Id.*) Instead, the report provided the possible level adjustments which may apply, depending on the Court's determination of the precise loss amount attributable to Forlani. (*Id.* at 3879.)

Following the filing of the initial PSR, defendant Forlani moved for immediate pre-sentencing discovery, seeking all of the information the government relied upon in its sentencing memorandum relating to alleged loss amounts. (Doc. No. 117.) In his motion, Forlani complained that the government's failure to identify the evidence it intended to rely upon at sentencing constituted an effort by the government to gain an unfair advantage at sentencing. In an Opinion and Order dated November 19, 2012, the Court granted the motion, in part, finding that the government had failed to provide sufficient detail to permit the defendant to challenge the government's loss calculations. (Doc. No. 122 at 3952.) The Court ordered the government to provide Forlani and the Court more specific and meaningful details relating to its loss calculations by November 26, 2012. (Notably, defendant Forlani does not suggest that the government failed to comply with the Court's November 19, 2012 Order.) In a separate order, the Court granted Defendant Forlani's motion to continue the sentencing, and reset the sentencing for December 20, 2012. The Court granted a second motion by defendant Forlani to continue the sentencing, and a sentencing hearing is currently scheduled for January 8, 2013.

On November 28, 2012, a final PSR was filed. (Doc. No. 125.) The final report restated the possible level adjustments which may apply, depending on the Court's determination of the precise loss amount attributable to Forlani. This final report also set forth the government's revised loss calculations, which were based upon information provided by the government on November 26, 2012. Like the earlier version, the final PSR did not provide a definitive loss calculation.

Now, defendant Forlani moves to preclude the government from offering any evidence or argument at sentencing regarding figures that do not appear in the initial PSR. According to Forlani, the government continues to revise its loss calculations, and, in doing so, is circumventing the sentencing process. Specifically, Forlani argues that "[i]nstead of serving formal objections on Forlani and Probation as required by the Federal Rules, the government has unilaterally and repeatedly reconfigured its argument as to loss amount as it sees fit and without involving Probation." (Doc. No. 140 at 4094-95.) Forlani insists that the "government's tactics have deprived Probation of the opportunity to properly investigate and revise the presentence report, and have severely prejudiced Forlani's ability to marshal a coherent defense to the government's loss arguments." (*Id.* at 4095.)

Rule 32 of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1); *see also* Local Rule 32.2(b)(2). A failure to timely object to findings and recommendations in a PSR may result in a waiver of any argument as to the inaccuracy

of the report. *See United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001); *see also* Fed. R. Crim. P. 32(i)(3)(A) (At sentencing, the court "may accept any undisputed portion of the presentence report as a finding of fact . . . .") However, the court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D).

The government explains that during the process of interviewing witnesses and reviewing documents in preparation for sentencing, it determined that certain loss numbers included in its initial sentencing memorandum had to be revised. These revisions were provided to the Court, Probation and defendant Forlani, and are referenced in the final PSR as the government's revised calculations. The government argues that these revisions did not trigger any obligations under Rule 32, however, because the government continues to agree with the initial report's findings that the loss exceeds $120,000, and that a corresponding level 12 increase is appropriate.

The Court agrees. The initial PSR goes no farther than to state the parties' agreement that the loss attributable to defendant Forlani is between $120,000 and $399,999. There was, therefore, no factual finding or recommendation from which the government could take exception. While it would appear that the parties have recently reached a partial agreement as to calculable loss, they have not agreed to a final amount within the range.[1] Because the plea agreement leaves the government with the ultimate burden of establishing the loss calculation, and because defendant Forlani has been given

---

[1] The government explained that "[a]lthough, by his plea, Defendant agreed that the loss exceeded $120,000, at no time before January 1, 2013 did defendant inform the Government of any loss number in any scheme to which he would agree at sentencing. Even then, he did not identify which $120,000 in loss he would agree to, and indicated agreement to only approximately $77,641.70." (Doc. No. 142 at 4145.)

notice as to the government's revisions to its loss calculations, the Court will not exclude the government's evidence on this subject.

Nonetheless, the Court finds that there is some merit to defendant Forlani's complaint that the government's position on loss has been a moving target. As the Court has previously observed in this case, the due process right to a fair sentencing procedure includes the right "not to be sentenced on the basis of invalid information and, therefore, [a defendant] must be given an opportunity to rebut any challenged information." *See United States v. Barrett*, 890 F.2d 855, 865 (6th Cir. 1989) (internal quotation and citation omitted), *superseded on other grounds*, *United States v. Williams*, 940 F.2d 176, 181 n.3 (6th Cir. 1991). The Court will afford defendant Forlani sufficient time in which to challenge the government's loss calculations.

**IT IS SO ORDERED**.

Dated: January 4, 2013

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**