IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FORLANI, | ) | **GOVERNMENT'S OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION** |
| Defendant. | ) | **FOR EARLY TERMINATION** |
| | ) | **OF SUPERVISED RELEASE** |

The United States of America, by and through its counsel, Bridget M. Brennan, Acting United States Attorney, and Megan R. Miller, Assistant United States Attorney, hereby respectfully submits this response in opposition to Defendant Michael Forlani's Motion for Early Termination of Supervised Release. (R. 170: Motion for Termination, PageID 5360-61).

On April 1, 2013, this Court sentenced Defendant to 97 months incarceration, restitution in the amount of $136,251.66, a special assessment of $1,300, and three years of supervised release. (R. 167: Judgment, PageID 5350-57). Defendant began to serve his period of supervised release on May 24, 2019, and it will expire on approximately May 23, 2022.

18 U.S.C. § 3583(e)(1) provides that the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court also must consider the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). *Id.* § 3583(e).

1

Here, the nature and seriousness of Defendant's offense counsel against early termination. Defendant pleaded guilty to fourteen counts stemming from his participation in multiple bribery, fraud and obstruction schemes. Defendant operated his businesses like a criminal enterprise; he used bribery and fraud to obtain contracts and advance his business interests, which gave him an unfair advantage over his competitors in a variety of public projects. In so doing, he caused not only tangible financial harm, but intangible harm to the public trust. Such conduct does not justify a 50% reduction in his term of supervised release.

Defendant's individual circumstances also do not support early termination. Defendant cites his RDAP treatment, ongoing counseling and spirituality as the bases for his motion. (R. 170: Motion for Termination, PageID 5361). While it is commendable that Defendant appears to be following the terms of his supervision, "the absence of significant violations of [supervised release] may demonstrate that the existing conditions are working satisfactorily, not that the conditions are no longer necessary." *See United States v. Brush*, No. 3:02-00022, 2013 U.S. Dist. LEXIS 30622, at *4 (M.D. Tenn. March 4, 2013). Defendant's compliance with his supervision, which is not only expected but required, does not justify termination.

Moreover, it does not appear that the conditions of supervised release are adversely affecting Defendant's relationships or his ability to live and work gainfully in the community. (*See* R. 170: Motion for Termination, PageID 5361). While Defendant expresses his desire to travel, which currently requires this Court and the U.S. Probation Office's approval, this Court previously afforded Defendant the opportunity to attend his brother's funeral in Dayton. Beyond these unique circumstances, given the COVID-19 pandemic, it is not unreasonable to continue to require Defendant to seek and obtain travel approval consistent with the terms of his supervised

release. Thus, Defendant appears capable of accomplishing all of his expressed goals while on supervision.

Given these facts, Defendant cannot establish that the conditions of release are interfering in any way with his life plans. Defendant likewise does not allege circumstances that set him apart from the majority of individuals currently serving terms of federal supervision who are also in compliance with those conditions. The United States thus believes that Defendant should serve the balance of his sentence and respectfully opposes Defendant's Motion.

    Respectfully submitted,

    BRIDGET M. BRENNAN
    Acting United States Attorney

By:   /s/ Megan R. Miller
    Megan R. Miller (OH: 0085522)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3855
    (216) 522-2403 (facsimile)
    Megan.R.Miller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail, specifically:

Michael Forlani
42 Morningside Drive
Chagrin Falls, OH 44022

/s/ Megan R. Miller
Megan R. Miller
Assistant U.S. Attorney